**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA AYALA-CANTILLO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 18-72228

Agency No. A071-918-407

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Ana Ayala-Cantillo, a native and citizen of Ecuador, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

and terminate deportation proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen and

review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2016).  We deny the petition for review.

The BIA did not abuse its discretion in denying Ayala-Cantillo's motion to reopen on the ground that notice was proper, where she was personally served with her order to show cause ("OSC") which contained advisals warning her of her responsibility to provide an address and the consequences of failing to appear for her scheduled hearing, and she failed to provide an address as required.  *See* 8 U.S.C. § 1252b(a)(1)(F) (1993).  Under those circumstances, an in absentia order of deportation may be issued without attempting to serve written notice on the alien.  *See* 8 U.S.C. § 1252b(c)(2) (1993); *see also Matter of Villalba-Sinaloa*, 21 I. & N. Dec. 842, 844-45 (BIA 1997) (generally, the notice provided to an alien in the OSC need not be an exact recitation of the language set forth in the statute, as long as it is reasonable under all the circumstances).

Ayala-Cantillo's contention that the agency lacked jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), also fails.  *See* 8 U.S.C. § 1252b(a)(2) (1993) (permitting the time and place at which proceedings will be held to be included in a subsequent notice); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from notice to appear can be cured for jurisdictional purposes by later hearing notice).

18-72228

As stated in the court's November 8, 2018, order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**